# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TONY A. MAVRAKIS | ) | CASE NO. 5:17 CV 1994 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SANDRA KURT, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Tony A. Mavrakis filed this action against Summit County Court of Common Clerk Sandra Kurt. In the Complaint, Plaintiff alleges Defendant has not yet complied with a Magistrate's order to strike Plaintiff's Motion from the Court of Appeals docket and enter it on the Common Pleas Court docket. He contends the Court Clerk is denying him access to the courts and due process. He seeks an Order from this Court directing her to correct the filing and awarding him monetary damages.

## I. Background

The events giving rise to this Complaint occurred in the course of Plaintiff's criminal case, after he exhausted his direct appeals and post conviction remedies. The criminal case arose from a dispute Plaintiff and Robert G. Fye had over the ownership of a car. *State v. Mavrakis*, No. 27457, 2015 WL 7572381, at *1-2 (Ohio Ct. App. Nov. 25, 2015). Plaintiff was pulled over while driving the car under a lifetime license suspension, and as a result, the car was towed. *Id*.

Fye received police assistance to retrieve the keys from Plaintiff and claim the car from the tow yard. *Id.* Later that day, Plaintiff went to Fye's apartment with a bayonet demanding that the car be returned to him. *Id.* Fye was not home, but his grandmother and uncle were. *Id.* Plaintiff beat on the door with the bayonet, pushed his way in, threatened Fye's relatives, demanded they summon Fye, and smashed personal belongings in the apartment. *Id.* He left before police arrived. From there, he went to a muffler shop where Fye's father worked. Fye was not there either, but Fye's father and sister were present. Plaintiff began to engage in disruptive behavior; however, Fye's father pulled out a gun and fired a warning shot. *Id.* Plaintiff immediately left the premises. *Id.*

Plaintiff was arrested and charged with aggravated burglary, vandalism, and two counts of aggravated menacing for his actions at the apartment. *Id.* He was charged with felonious assault and breaking and entering for his conduct at the muffler shop. *Id.* Following a jury trial, Plaintiff was found guilty of the charges arising out of his actions at the apartment. *Id.* He was found not guilty of the charges relating to the muffler shop. *Id.* The presentence investigation report indicated Plaintiff had prior convictions for felonious assault and aggravated vehicular homicide. *Id.* The trial court merged the vandalism and aggravated menacing convictions into the aggravated burglary conviction and sentenced Plaintiff to a mandatory term of seven years in prison on July 9, 2014. *Id.*

Plaintiff appealed his conviction to the Ohio Ninth District Court of Appeals. The Appellate Court upheld his conviction on November 25, 2015. Plaintiff appealed that decision to

the Supreme Court of Ohio on January 6, 2016. The Supreme Court declined to accept jurisdiction on March 23, 2016.

Plaintiff alleges a state public defender informed him on May 2, 2016 that his habeas corpus petition had to be filed on or before June 21, 2017. Plaintiff contends that reminded him of statements the judge made during his sentencing in 2014 and discovered these statements were not on the transcript of the proceedings. Plaintiff waited an additional nine months, and then on February 6, 2017, filed a Motion to Modify or Correct the Record under Ohio Appellate Rule 9(E). In the case caption, he stated, "In the Court of Common Pleas, in the Court of Appeals." The Court Clerk filed it on the Ohio Appellate Court docket. Plaintiff protested that he intended the Motion to be filed in the Common Pleas Court. On March 2, 2017, an Appellate Court magistrate judge ordered the Motion to be stricken from the Appellate Court docket and entered on the Common Pleas Court docket. Plaintiff indicates the Defendant removed the Motion from the Appellate docket, but did not enter it on the Common Pleas Court docket. As a result, the Motion has not yet received a ruling. He asserts this denied him access to the courts and due process.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As a threshold matter, Court Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are

done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* The acts of the Court Clerk about which Plaintiff complains - deciding where to docket a Motion and interpreting and following the orders of judicial officers - are all integral parts of the judicial process and within the subject matter jurisdiction of her Court. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing the Sixth Circuit's decision in *Foster*).[1] Sandra Kurt is therefore entitled to absolute immunity.

Furthermore, even if the Defendant were not absolutely immune from suit, Plaintiff has failed to state a claim upon which relief may be granted. First, Plaintiff was not denied access to the courts. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v.*

---

[1] *See Fish v. Murphy*, No. 01-3601, 2001WL 1355611(6th Cir. Oct. 26, 2001)(finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); *Harris v. Suter*, No. 00-3309, 2001 WL 111586 (6th Cir. Feb. 1, 2001)(holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); *Burton v. Mortimer*, No. 99-1956, 2000 WL 876517 (6th Cir. June 22, 2000)(finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction and are both quasi-judicial functions which entitle the clerk to absolute immunity); *see also Foster*, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).

-5-

*Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

In this case, Plaintiff has not demonstrated actual injury. He exhausted his direct appeals and filed an unsuccessful post conviction petition. *See State v. Mavrakis*, No. CR-2013-10-2872 (Summit Cty Ct. Comm. Pl. filed Oct. 17, 2013). Both his appeals and his post conviction petition were denied in 2015. He claims to have remembered in 2017, statements the judge allegedly made during 2014 sentencing hearing which were not on the transcript of his sentencing hearing. He contends this would demonstrate the judge relied on testimony from deceptive witnesses, made reference to a plea bargain, and took into consideration the muffler shop incident when sentencing him. Plaintiff was represented by counsel at sentencing and on appeal. His attorney could have raised these issues on appeal. Plaintiff attempted to reopen his appeal to assert his underlying claims of bias and ineffective assistance of counsel, which he believes this altered transcript would demonstrate, but that application was denied as untimely. He filed a Motion for Reconsideration and that Court denied that Motion as well. Plaintiff has not demonstrated an actual injury to a direct appeal, post conviction petition, a habeas corpus petition or a civil rights action. *Lewis*, 518 U.S. at 351.

Finally, Plaintiff fails to state a claim for denial of due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349 -53 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir.1983). Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to

the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331. Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

To prevail on a procedural due process claim, Plaintiff must plead and prove either (1) that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the Defendant deprived him of liberty property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

As the first step in any due process inquiry, Plaintiff must show he has a protected liberty or property interest in having his Motion filed by the Clerk. The Supreme Court has stated, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or

desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). For purposes of this discussion only, the Court assumes without deciding that Plaintiff has a liberty or property interest in having the Motion filed.

Plaintiff is not challenging a state procedure itself that violates the due process clause. instead, he is claiming Defendant deprived him of this protected interest pursuant to a random and unauthorized act. To prevail on a procedural due process claim, however, he must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. He has not done so. Plaintiff could have refiled the Motion in the trial court. He could have filed a mandamus action in the Ohio Appellate Court. He has not suggested that he has done either of these, nor has he alleged facts suggesting these remedies would be inadequate to address the issue. He has not demonstrated that he was denied procedural due process.

Furthermore, Plaintiff has not alleged facts suggesting he was denied substantive due process. Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment or negligence at the hands of a

government agent. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* Plaintiff was not deprived of a fundamental right, and the actions of the Court Clerk were not so severe that they shock the conscience.

**IV.    Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: February 23, 2018              */s/ John R. Adams*
                                     JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.